NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0045n.06

No. 23-2027

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jan 28, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| MATTHEW DARREL CHILDERS, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

Before: SILER, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Matthew Childers pled no contest in the district court to charges of production and receipt of child pornography, but now seeks to contest his conviction and sentence on appeal. We reject his arguments and affirm.

I.

In March 2020, Childers's girlfriend went to the police station in Taylor, Michigan, to report that Childers had been exchanging sexually explicit text messages with her 16-year-old daughter. She explained to Officer Marshall Halas that she and her 16- and 14-year-old daughters lived with Childers and that she often left the girls in his care. She also explained that the 16-year-old had learning disabilities and functioned at the cognitive level of a 10-year-old. Childers's girlfriend gave her 16-year-old daughter's phone to Halas, whose body camera captured what he saw on the phone. Halas found dozens of messages in which Childers had requested sex and pornographic videos from the girl. He also found a folder of recently deleted nude photos of the

girl and a video of her masturbating. Halas returned the phone to Childers's girlfriend and filed a report. In August 2020, after a COVID-related delay in the investigation, the 16-year-old told police that Childers had "messed with her" by penetrating her vagina with his fingers while she slept. Her 14-year-old sister likewise reported similar abuse by Childers, which led to vaginal bleeding.

Childers asked to meet with police in mid-October 2020. At that meeting, Childers admitted he had received sexually explicit videos and images from the 16-year-old. He told police that he had deleted his text messages with the girl but that he had saved the photos and videos to his phone. He then showed the police several of the videos, and left his phone in police custody. The police obtained a warrant to search the phone and found 30 nude images and nine videos of the 16-year-old girl—including videos of Childers having oral and vaginal sex with her. A week later, Childers went to retrieve his phone and spoke with the police again. At that meeting, Childers admitted to having sex with the girl but asserted that she had "forced herself on" him. The police arrested him.

A federal grand jury indicted Childers for production, receipt, and possession of child pornography involving the 16-year-old daughter. Childers moved to suppress his confession and evidence from his phone, but the court denied the motion. Childers renewed the motion after getting a new lawyer, but the court again denied it. Childers went to trial in June 2023.

On the first day of trial, a prospective juror said that he had grown "suspicious" of Childers after Childers leered at one of the young women on the panel. Childers's attorney moved for a mistrial, on the ground that Childers had "successfully poisoned this entire jury." The court instructed the jury on the presumption of innocence and excused one juror for cause, but it denied Childers's motion for a mistrial.

The next morning, Childers moved to enter a no-contest plea. The court granted the motion. The government then offered the proof that it was prepared to present at trial—including videos and photos from Childers's phone, testimony and body-camera footage regarding the texts that Childers had sent to the victim, and Childers's own statements. The court then found Childers guilty of producing and receiving child pornography. It later sentenced him to 25 years' imprisonment.

This appeal followed.

## II.

Childers challenges the district court's denials of his second pretrial motion to suppress and his motion for a mistrial. The government argues that Childers waived his right to appeal these decisions by entering an unconditional no-contest plea.

In general, a defendant waives all "non-jurisdictional appeals to his conviction by pleading guilty or nolo contendere." *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000). A defendant may preserve his right to appeal specific rulings, however, by entering a "conditional plea" under Federal Rule of Criminal Procedure 11(a)(2). But the defendant must specify "in writing" the rulings he wants to appeal, and the court and the government must consent to his conditional plea.

Here, Childers entered his plea without a plea agreement, so he did not preserve in writing any right to appeal any of the district court's rulings preceding his conviction. Nor did Childers seek to preserve any such right during his plea colloquy. His plea therefore served to waive his right to challenge any of the court's rulings preceding his conviction. *United States v. O'Neill*, 94 F.4th 531, 537 (6th Cir. 2024).

Childers separately challenges the court's application of a two-point sentencing enhancement for Childers's use of a computer to solicit pornographic pictures and videos from the 16-year-old girl. *See* USSG § 2G2.1(b)(6). Specifically, he argues that the court violated his right to due process by increasing his sentence based on evidence from a phone (namely, the victim's) that the government had not produced during discovery.

As an initial matter, most if not all of the relevant evidence on the victim's phone took the form of messages sent by Childers himself, which he could have accessed on his own phone had he not deleted them. But in any event, the enhancement under § 2G2.1(b)(6) was harmless, because that enhancement did not affect "the ultimate Guidelines range or sentence imposed." *United States v. Faulkner*, 926 F.3d 266, 275 (6th Cir. 2019). Specifically, Childers's enhancement under § 2G2.1(b)(6) was one of four enhancements that the court applied to reach a preliminary offense level of 45. But under the Sentencing Guidelines the highest possible offense level is 43, so the court reduced Childers's total offense level by two points before calculating his Guidelines range. *See* USSG Chapter 5, Part A, Comment 2. The court's application of the two-point enhancement therefore had no effect on Childers's Guidelines range or sentence, and thus was harmless. *Faulkner*, 926 F.3d at 275.

The district court's judgment is affirmed.